IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANN WALDROP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GWINNETT COUNTY | ) |
| SCHOOL DISTRICT | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Ann Waldrop ("Waldrop" or "Plaintiff") brings this action for relief and damages against Defendant Gwinnett County School District ("the District" or "Defendant") based on the following allegations and cause of action.

## NATURE OF THE ACTION

1. This action to correct unlawful employment discrimination arises under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments

1

Act of 2008 (collectively referred to as the "ADA"). Waldrop disclosed to the District that she suffers from alpha-1 antitrypsin ("AAT") deficiency ( a rare genetic condition resulting in her body's inability to make enough of a specific protein to protect her lungs and liver from damage). She also disclosed that she has a congenital heart disease. She also notified the District that her AAT diagnosis resulted in her being immunocompromised and unable to work in environments which lack a heightened degree of protection from germs, viruses, bacteria, and environmental irritants. Accordingly, Waldrop submitted a request to the District asking it to allow her to perform her job as a human resources coordinator remotely from home which would allow her to have immediate and direct control of her environment in order to reduce the likelihood of serious illness or death. The District failed to accommodate her request for an accommodation. As a result, Waldrop was deprived of the right to continue working in order to earn her regular wages and employment benefits. To ensure her wellbeing due to her serious health condition, Waldrop was compelled to take FMLA leave and apply for short-term-disability. While on FMLA leave Waldrop was forced use her accrued sick and vacation leave to attempt to make up for her reduction in pay. While on FMLA and or short-term disability Waldrop was deprived of the opportunity to contribute to and/or accrue benefits in the Gwinnett

Retirement Fund and the Teacher's Retirement fund. Waldrop seeks back pay, lost benefits (medical, dental vision), lost pension benefits, lost sick leave and annual leave, noneconomic compensatory damages, punitive damages, as well as attorneys' fees and costs of litigation. Waldrop also petitions the court for injunctive and declaratory relief as appropriate.

## THE PARTIES

2. Plaintiff Waldrop is a citizen of the United States, and during the time of the events alleged in this complaint, she was employed by the District as a human resources coordinator.

3. Waldrop is an individual with a disability as defined under the ADA because she has physical impairments that substantially limits her in one or more major life activities.

4. Waldrop is an individual with a disability as defined under the ADA because she has a record of physical impairments that substantially limits her in one or more major life activities.

5. Defendant is a public corporate body with the capacity to sue and be sued under Georgia law and it is a local governmental entity providing public

services within the boundaries of the Atlanta Division of the Northern District of Georgia.

## PERSONAL JURISDICTION

6. Defendant may be served with process by personal service on its Superintendent, Dr. Calvin J. Watts, at 437 Old Peachtree Road, N.W, Suwanee, GA 30024-2978.

## SUBJECT MATTER JURISDICTION AND VENUE

7. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§1331 and 1343.

8. Venue is proper in this district and division under 28 U.S.C.A. §1391(b)(1) and LR 3.1 NDGa. as Defendant resides in this district and division and a substantial part of the events or omission giving rise to Plaintiff's claims occurred therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Waldrop filed a charge disability-based discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 470-362-9204, on October 4, 2021. A copy is attached as Exhibit A.

10. Waldrop subsequently received a right-to-sue letter from the EEOC on March 29, 2022. A copy is attached as Exhibit B.

11. Waldrop timely files this action within 90 days of the issuance of a right-to-sue letter.

12. All administrative remedies have been satisfied prior to the filing of this civil action.

## FACTUAL ALLEGATIONS

13. Waldrop began employment with Defendant on or about July 14, 2014, as a human resources specialist.

14. On or about July of 2021, Waldrop submitted an employee request for reasonable accommodation comprising of a completed employee information form and an interactive process questionnaire.

15. In this questionnaire, Waldrop's Emory health care provider, Fred Rodriguez III, MD, ("Dr. Rodriguez") specifically notified Defendant that Waldrop permanently suffers from alpha-1 antitrypsin ("AAT") deficiency, a rare genetic condition resulting in her body's inability to make enough of a specific protein to protect her lungs and liver from damage.

16. Additionally, Dr. Rodriguez stated that Waldrop permanently suffers from a congenital heart disease, a defect she's had since birth

17. Dr. Rodriguez also explained that Waldrop's AAT deficiency and congenital heart disease are chronic and immunocompromising. He expounded and notified the District that since Waldrop does not generate enough of a specific protein to protect her lungs, she is vulnerable to anything in the environment detrimental to her lungs.

18. Moreover, Dr. Rodriguez explained that because of her congenital heart disease, Waldrop is at high risk for serious complications should she contract COVID-19 or its associated variants.

19. Dr. Rodriguez concluded that because of the various medical conditions Waldrop had, it was necessary for her to control her environment as much as possible

to reduce the likelihood of serious illness or death.  To accomplish this he required her to work remotely (i.e., from home) to allow for the necessary degree of protection from germs, viruses, bacteria, and environmental irritants.

20. Despite providing a thorough explanation supporting her request for a reasonable accommodation, it was denied by Defendant.

21. During July of 2021 Waldrop could have performed her essential job duties of her position with the District by working remotely.

22. During all relevant periods of time Waldrop could have performed her essential job duties of her position with the District by working remotely.

23. In Defendant's Portable Technology Use Policy it acknowledges that "[p]ortable technology devices and other portable computing devices have been a part of the GCPS technology program for many years. Administrators at the central office and local school levels historically used portable technology devices to perform their work tasks in their highly mobile roles." (See Exhibit C)

24. Upon information and belief Defendant regularly permitted employees to work remotely.

25. Upon information and belief, Dr. Michelle Smith exerted influence over all requests for accommodation decisions at the District, including Waldrop's, and was in position to direct whether or not Waldrop's request for accommodation would be approved.

## COUNT I
**(Discrimination/failure to accommodate under the ADA)**

26. Waldrop incorporates by reference all the preceding paragraphs of this complaint as though set forth fully and separately herein.

27. During all relevant periods of time Defendant was an employer as defined under the ADA.

28. During all relevant periods of time Plaintiff was an employee as defined under the ADA.

29. During all relevant periods of time Plaintiff was an individual with a disability as defined under the ADA.

30. During all relevant periods of time Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

31. Plaintiff notified Defendant of her disability.

32. Plaintiff requested a reasonable accommodation for her disability

33. Defendant denied Plaintiff's request for a reasonable accommodation.

34. Plaintiff's request for a reasonable accommodation would not have created an undue hardship for Defendant.

35. Plaintiff's request for a reasonable accommodation would not have created a direct threat to the safety of others.

36. As a result of Defendant's disability-based discrimination (i.e. denying her a reasonable accommodation) Waldrop has suffered monetary damages including but not limited to back pay; the loss of medical, dental and vision benefits; the loss of retirement benefits, the loss of sick leave and annual leave, and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish.

37. Higher-level management officials at the District acted with malice or reckless indifference to Waldrop's federally protected rights under the ADA, and she is therefore entitled to recover punitive damages.

## **PRAYER FOR RELIEF**

Wherefore, based on the above stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, lost benefits (medical, dental, vision, leave and retirement)

B. Compensatory damages.

C. Punitive damages.

D. Attorneys' fees and costs of litigation.

E. Pre-judgment and post-judgment interest at the highest lawful rate.

F. Such other equitable and monetary relief as the court deems just and proper, including reinstatement.

G. A declaratory judgment that Defendant's actions violated Plaintiff's rights under the ADA.

Respectfully submitted, the 27th day of June, 2022.

**HKM Employment Attorneys LLP**

<u>*s/Jermaine A. Walker*</u>
Jermaine "Jay" A. Walker
GA Bar No. 142044
3355 Lenox Rd. NE Suite 705
Atlanta, GA 30326

jwalker@hkm.com
Direct: 404-301-4020